FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

MAY   4 2015

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NEMECIO LLAMAS LOPEZ, ET AL., | * |
| | * |
| Plaintiffs | * |
| | * |
| | *   **Civil No.  PJM 15-520** |
| v. | * |
| | * |
| **AMERIGAL CONSTRUCTION CO.,** | * |
| **INC., ET AL.** | * |
| | * |
| Defendants | * |

### MEMORANDUM OPINION

Nemecio Llamas Lopez and Ramiro Bravo ("Plaintiffs") have sued Amerigal

Construction Co., Inc., and Luis A. Ezequiel (collectively, "Amerigal"), alleging violations of

the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl.

§§ 3-501 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207. Plaintiffs

and Amerigal have now reached a settlement, and ask for the Court to approve the settlement and

dismiss with prejudice all claims in the Complaint. For the reasons that follow, the Court

**GRANTS** the Joint Motion for Settlement, ECF No. 19, and **DISMISSES WITH PREJUDICE**

the remaining counts of the Complaint, ECF No. 1, as to all Defendants.

### I.

### Factual and Procedural Background

Amerigal is a construction company with its principal place of business in Maryland, and

Ezequiel was an owner, agent, or principal of Amerigal. The Plaintiffs are both former

employees of Amerigal who worked as concrete laborers, and were paid at an hourly rate.

Plaintiffs allege that Amerigal failed to pay each plaintiff any overtime premium for hours worked in excess of 40 in the work week. The Complaint sought relief not only for the named Plaintiffs, but also, per 29 U.S.C. § 216(b), a class of similarly situated opt-in litigants (the "Putative Plaintiffs"). No such Putative Plaintiff opted-in to the action. Neither the Joint Motion for Settlement nor the Settlement Agreement purported to resolve any claims asserted on behalf of the Putative Plaintiffs.

Plaintiffs filed the Complaint on February 24, 2015. ECF No. 1. Amerigal did not answer the Complaint. Instead, the parties engaged in informal discovery and settlement discussions, and on March 24, 2015, submitted the pending Joint Motion for Settlement, ECF No. 6.

## II.

### Standard of Review

Congress enacted the FLSA to protect workers from the poor wages and long hours that may result from significant inequalities in bargaining power between employers and employees. To that end, the statute's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In reviewing FLSA settlements for approval, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores.*" *Saman*, 2013 WL 2949047, at *3 (citing *Hoffman v. First Student, Inc.*, 2010 WL 1176641, at *2 (D.

2

Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must "reflect[] a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* The Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me, LLC*, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)).

### III.

#### Bona Fide Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement. *See Lomascolo*, 2009 WL 3094955, at *16–17.

The parties stipulate that, after exchange of informal discovery, they agree on the number of hours and amounts paid to Plaintiffs during each week of their employment by Amerigal. *See* ECF No. 6-1, at 3-4. Based on these figures, Plaintiff Llamas Lopez argues that he was underpaid for overtime in the amount of $2,577.22; Plaintiff Bravo argues that he was underpaid for overtime in the amount of $1,771.75. *See id.* Other than Amerigal's statement that it seeks to settle the matter "solely" in order to avoid the inconvenience and costs of litigation of Plaintiffs' claims, *see id.* at 2, the parties' submissions are unclear about what, if any, bona fide dispute exists as to Amerigal's liability under the FLSA. However, there appear to be a few discrepancies between the number of overtime hours alleged in the Complaint, and the number of overtime hours to which the parties stipulate in the Joint Motion for Settlement. *Compare,*

3

*e.g.*, ECF No. 1, at 4 (alleging that Llamas-Lopez worked 65 hours in the week ending October 19, 2013) *with* ECF No. 6-1, at 3 (stipulating that Llamas Lopez worked 56 hours in the week ending October 19, 2013). The Court therefore presumes that, were this case to go to trial, the parties would dispute the actual number of overtime hours worked during certain weeks.

Accordingly, the Court finds that a *bona fide* dispute exists as to Amerigal's liability under the FLSA, whose resolution would depend on both further factual development as well as rulings of law.

### IV.

#### Fairness and Reasonableness

If a *bona fide* dispute is found to exist, courts must then evaluate the fairness and reasonableness of the settlement based on the following factors:

> "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery."

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

Having reviewed the parties' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the Court concludes that the Settlement Agreement is a fair and reasonable compromise of the parties' *bona fide* dispute.

The case is settling at an early stage; indeed, the parties do not represent that any formal discovery has taken place. In *Saman*, which settled at a similarly early stage, plaintiff's counsel averred that he had the opportunity through mediation to review wage/hour records of sufficient quantity and quality to determine the potential range of recovery in the case. *See Saman*, 2013 WL 2949047, at *3. On this basis, Judge Chasanow of this Court concluded that the parties had

had sufficient opportunity to obtain and review evidence, to evaluate their claims and defenses and to engage in informed arms-length settlement negotiations. *See id.* (citing *Lomascolo*, 2009 WL 3094955, at *11). Counsel in the present case represent that they engaged in informal discovery, and have thereby reached agreement on the number of overtime hours worked in each week at issue. The Court is therefore satisfied the parties have had sufficient opportunity to evaluate their claims and defenses as to these disputed legal and factual issues and to engage in informed arms-length settlement negotiations.

Similarly, the Court finds no fraud or collusion in the proposed settlement, given the experience of Plaintiffs' counsel, and the endorsement of settlement by counsel for both parties, and the quality of the filings submitted to date.

Finally, as to the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery, the Court is satisfied that the settlement of each Plaintiff's claim is fair and reasonable under the circumstances. The proposed settlement is as follows: Plaintiff Llamas Lopez will receive unpaid wages for overtime in the amount of $2,577.22. This exceeds the amount that Llamas Lopez claimed he was owed in the Complaint by $70.22. Plaintiff Bravo will receive unpaid wages for overtime in the amount of $1,771.75. This exceeds the amount that Bravo claimed he was owed in the Complaint by $4.75. These unpaid wages will be subject to applicable taxes and deductions. In addition, Plaintiffs will receive, as liquidated damages, payments equaling twice their unpaid overtime wages: $5,154.44 as to Llamas Lopez and $3,543.50 as to Bravo. In return, Plaintiffs agree to waive any claims against Amerigal relating to their overtime compensation, unpaid wages, or any other wage-related claim which arose prior to the execution date of the settlement agreement. *See* ECF No. 6-3, at 2-3.

While some courts have held that an overly broad release provision can render an FLSA agreement unreasonable if the release includes claims unrelated to those asserted in the complaint, *Saman*, 2013 WL 2949047, at *5 (citing cases), if the employee is compensated reasonably for the release executed, the settlement can be accepted, and the Court is not required to evaluate the reasonableness of the settlement as to the non-FLSA claims. *See Duprey v. Scotts Co. LLC*, 2014 WL 2174751, at *4 (D. Md. May 23, 2014). In *Duprey*, the plaintiff was compensated for almost eighty percent of his claimed back pay, plus an additional sum in liquidated damages. Judge Grimm of this Court found that this percentage fairly compensated the plaintiff for the general release executed. *See id.* Here, Plaintiffs will be compensated for 100% of their claimed unpaid overtime and 100% of their claimed liquidated damages. In addition, rather than broadly releasing Amerigal from all liability, the release provision pertains only to wage-related claims that arose prior to the settlement agreement. Accordingly, the Court finds that the settlement reasonably compensates Plaintiffs for the release executed.

In sum, the settlement agreement would recover the actual amounts that each Plaintiff alleges he is owed, plus the full liquidated damages that would be owed were the Plaintiffs to win on the issue at trial. The Court finds this settlement reasonable in relation to the potential recovery in the case.

## V.

### Attorneys' Fees

The reasonableness of the fee award proposed in an FLSA settlement must be independently assessed, regardless of whether there is any suggestion that a "conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Lane*, 2011 WL 3880427, at *3 (citing *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1243 (M.D. Fla. 2010)).

6

In making that assessment, courts typically use the principles of the traditional lodestar method as a guide. *Id.* (citing cases).

Traditionally, in calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a reasonable hourly rate multiplied by hours reasonably expended. *Duprey v. Scotts Co. LLC*, 2014 WL 2174751, at \*6 (D. Md. May 23, 2014) (citing *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 890 n. 11 (1984)). In Appendix B to its Local Rules, this Court has established rates that are presumptively reasonable for lodestar calculations. *Id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)). Plaintiffs should also provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task. *See Saman*, 2013 WL 2949047, at \*7; Local Rule 109.2; Appendix B to the Local Rules.

The parties submit that Plaintiffs' counsel has been a member of the Bar of the Court of Appeals for Maryland for 18 years, and his hourly rate is $425. ECF No. 6-1, at 5. Per Appendix B, a presumptively reasonable rate for lawyers admitted to the bar for fifteen to nineteen years is $275-$425. Accordingly, the Court finds Plaintiff's counsel's hourly rate to be reasonable.

The parties failed to provide documentation—including declarations establishing the hours expended by counsel, broken down for each task—for the Court to make a lodestar determination as to the hours reasonably expended. However, the parties submit that Plaintiffs' counsel spent more than 14 hours preparing this case, and has incurred $420 in reimbursable

7

expenses. The Court finds fourteen hours a reasonable period of time for Plaintiffs' counsel to have investigated the Plaintiffs' claims, drafted a Complaint, and engaged in informal discovery and settlement negotiations with counsel for Amerigal. Fourteen hours at a $425 hourly rate ($5,950) plus $420 in expenses yields a final total of $6,370. The parties have agreed to settle the attorneys fees award for $6,420.

The Court, in its discretion, is satisfied that the settlement amount of $6,420 for over 14 hours expended by Plaintiffs' counsel is reasonable, especially in light of the speedy resolution of the case, and the fact that Plaintiffs obtained what appears to be a complete recovery of both their unpaid overtime wages and claims for liquidated damages. Accordingly, the Court finds the attorney fee award in the proposed settlement to be reasonable.

## VI.

### Conclusion

For the foregoing reasons, the Court **GRANTS** the Joint Motion for Settlement and **DISMISSES WITH PREJUDICE** Counts I and III the Complaint (pertaining to Plaintiffs Llamas Lopez and Bravo) as to all Defendants. The Court **DISMISSES WITHOUT PREJUDICE** Count II of the Complaint (pertaining to the Putative Plaintiffs). A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

May ____, 2015

8